HERMAN KOUNTZE et al., as Executors, etc., Respondents, v.
FANNIE IDA HELMUTH, Appellant.

The fact that the purchaser in an executory contract for the purchase and
sale of real estate, who has no actual possession or right of possession,
has, pending the investigation of title, and before the time for perform-
ance of the contract, undertaken to sell some portion of the property,
does not amount to or evidence a waiver of defects in the title.

In an action to recover damages for breach by defendant of a contract to
sell certain real estate to K., plaintiffs' testator, who rejected the title
offered because of defects appearing on the records, defendant claimed
that K. had waived the defects by taking possession and selling part of the
realty after knowledge of the defects. It appeared that when the con-
tract was made an abstract of title, which showed the defects, was deliv-
ered to K.'s attorney. The vendor remained in possession and K. never
had actual possession, but agreed to sell certain bookcases, which were
built in or substantially fastened to the walls of the house, to defend-
ant's husband, who commenced to remove them without waiting for
the closing of the contract, although K. wrote to him the next day after
such agreement that before removal he should wait until after the
examination of title was completed. Several extensions of time were
granted defendant to make an effort to cure the defects. Held, that no
waiver was shown; that K. was not chargeable with knowledge imputa-
ble to his attorney, as it was not the duty of the latter to communicate
to his client any facts he may have discovered concerning the title until
the time fixed by the contract for its performance and the passing of title,
and K. had up to that date to complete his investigation; that there
were no acts of ownership that amounted to a waiver; that the agree-
ment to sell the fixtures was subject for its validity and enforcement to
the vesting of title, evidenced in the way provided for by the agreement,
or by some conclusive act as between vendor and purchaser anticipating
the formal closing of the agreement.

Also held, that statements made by K. to a third person at the time he
agreed to sell the bookcases, to the effect that the title was satisfactory,
did not amount to a waiver.

Reported below, 67 Hun, 343.

(Argued December 6, 1893; decided December 19, 1893.)

APPEAL from judgment of the General Term of the
Supreme Court in the first judicial department, entered upon
an order made in February, 1893, which overruled defendant's
exceptions and directed judgment in favor of plaintiffs upon
a verdict directed by the court.

The nature of the action and facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* for appellant. The direction of a verdict in favor of the plaintiffs was error. The testimony given at the trial proved an absolute waiver by the plaintiffs' testator of the alleged defects of title relied on, which, if not constituting a waiver as a matter of law, in any event warranted the submission of the case to the jury. (*McCrea* v. *C. N. Bank,* 66 N. Y. 489; *Potter* v. *Cromwell,* 40 id. 287; *Ex parte Sidebotham,* 1 M. & A. 655; *Titus* v. *G. F. Ins. Co.,* 81 N. Y. 419; *Tompkins* v. *Hyatt,* 28 id. 347–349; *Corey* v. *Matthewson,* 7 Lans. 87; *Linsey* v. *Ferguson,* 3 id. 200; *Fleetwood* v. *Green,* 15 Ves. 594; *Colcraft* v. *Roebuck,* 1 id. 226; *Ludlow* v. *N. Y. & H. R. R. Co.,* 12 Barb. 440; *Church* v. *L. Ins. Co.,* 66 N. Y. 223; *Hart* v. *H. R. B. Co.,* 80 id. 622; *Powell* v. *Powell,* 71 id. 73.) The trial court erred in dismissing the defendant's counterclaim. (*Harris* v. *Frink,* 49 N. Y. 24; 1 Washb. on Real Prop. [4th ed.] 587, 588, § 20; Addison on Torts, § 375; *Dwight* v. *E., C. & N. R. R. Co.,* 132 N. Y. 199; *Karsey* v. *S. P. R. R. Co.,* 22 Minn. 118; *Sturgis* v. *Warren,* 11 Vt. 433; Sedg. on Dam. [4th ed.] 147; *Cass* v. *Higenbotam,* 100 N. Y. 248.)

*George W. Van Slyck* for respondent. The covenants in the instruments dated June 4, 1857, and October 1, 1866, respectively, constitute incumbrances. (*Mott* v. *Oppenheimer,* 135 N. Y. 312; *Trustees, etc.,* v. *Lynch,* 70 id. 440; *Lattimer* v. *Livermore,* 72 id. 174; *Hodge* v. *Sloan,* 107 id. 244; *Raynor* v. *Lyon,* 46 Hun, 227; *P. Ins. Co.* v. *C. Ice Co.,* 87 N. Y. 400; *Wetmore* v. *Bruce,* 118 id. 319; *Huyck* v. *Andrews,* 113 id. 86; *Jordan* v. *Poillon,* 77 id. 518; *M. E. C. Home* v. *Thompson,* 108 id. 618; *Crouter* v. *Crouter,* 133 id. 63; *Miller* v. *Peck,* 109 id. 194; *Fleming* v. *Burnham,* 100 id. 1; *Moore* v. *Williams,* 115 id. 586.) The offers of the defendant to prove the effect as to value, the agreement of June 4, 1857, as well as the court yard agreement, would

have upon the property, and also the changing character of the neighborhood, were properly excluded. (*Gray* v. *M. R. Co.*, 128 N. Y. 509; *Roberts* v. *N. Y. E. R. R. Co.*, Id. 455; *Doyle* v. *M. R. Co.*, Id. 488; *Moore* v. *Williams*, 115 id. 592; *Kilpatrick* v. *Barron*, 125 id. 751; 54 Hun, 322; *Fleming* v. *Burnham*, 100 N. Y. 1; *Vought* v. *Williams*, 120 id. 253; *Holly* v. *Hirsch*, 135 id. 590; *Amerman* v. *Deane*, 132 id. 355; *Lattimer* v. *Livermore*, 72 id. 174.) The vendor insisted at the time of the tender of the purchase price, that the two agreements did not constitute incumbrances. She insisted that there were no restrictions and tendered a warranty deed in performance of her contract. She should not be permitted to change her attitude now. (*Weinstock* v. *Linson*, 26 Abb. [N. C.] 244.) The difference in frontage between the description in the contract of 100 feet and the actual dimension of ninety-nine feet eight inches was a substantial and material variance. The land was encroached upon by a building in the rear of the lot. (*King* v. *Knapp*, 59 N. Y. 462; *Phillips* v. *Conklin*, 58 id. 682.) The attempt by the defendant to show that the vendee took possession of the premises, and that he thereby waived the defects of the title, utterly failed. (*Harwood* v. *Bland*, 1 Flan. & K. 544; *Calcup* v. *Roebuck*, 1 Ves. 224; 1 Sugden on Vendors, 523; *Richmond* v. *Gray*, 3 Allen, 25; *Page* v. *Greeley*, 75 Ill. 400; *Bensel* v. *Grey*, 80 N. Y. 517.) The counterclaim by which the defendant sought to recover damages for loss of rent was properly dismissed. (*Van Brockelin* v. *Smeallie*, 46 N. Y. S. R. 230.)

GRAY, J. The action was to recover damages for breach by defendant of a contract for the sale of certain real property to plaintiffs' testator. The title was rejected for defects appearing upon the records and that the title was objectionable, under the contract, is a question not in dispute here. But it was and is insisted for the defendant, as ground of error, upon which she is entitled to a reversal of the judgment entered upon a verdict directed for the plaintiffs, that

there was evidence, upon the trial, of a waiver by plaintiffs' testator of the defects in the title ; which should, at least, have been submitted to the jury, if it was not conclusive in law. The waiver is said to have been evidenced in the taking of possession by Mr. Kountze of the premises, under the contract of sale, and in selling a portion of the freehold after full knowledge of the defects in the title. An abstract of the title was handed to Mr. Kountze's attorney, when the contract was made, and an examination of its contents would have revealed the matters relied upon as defects in the title. The knowledge imputable to the attorney is sought to be charged to the client ; but, whether the attorney had actually, during the time the contract was running, the requisite knowledge from the abstract, or from an examination, or not, the principle contended for would be beyond what could find justification in the law. It was the attorney's duty to examine and to form an opinion of the title, and it became his duty to advise Mr. Kountze concerning it, at the time when, by the terms of the contract, the balance of the purchase money was to be paid and the deed was to be taken. As it was not his duty to communicate any facts concerning the title before that time, it will not be presumed that any knowledge, which he had upon the subject, was communicated to his client. Such a communication, if deemed to be material, must be proved as any other fact.

The application of the principle contended for by the appellant's counsel was to this state of facts. Dr. Helmuth, the vendor's husband, desiring to take with him from the house certain bookcases, which were built into, or substantially fastened to, the walls of the library of the house, made a proposition for their purchase, which was eventually agreed to by Mr. Kountze. Dr. Helmuth commenced to remove them forthwith and without waiting for the closing of the contract. It is argued that this act of selling was an act of ownership by Mr. Kountze, and a taking of possession under the contract. We do not so regard it. It is immaterial, in our judgment, that Mr. Kountze may have supposed and stated, at the time

he agreed to the transaction, that the title was satisfactory. Such a statement to a third person could not amount to a waiver. The facts did not evidence the intention to waive any objections to the title, which is essential to be shown, nor any assumption of ownership. It is not pretended that Mr. Kountze was ever let into, or ever went into actual possession. The vendor, Mrs. Helmuth, remained in possession, and Mr. Kountze had until the day fixed by their contract to complete his investigation of the vendor's title to the premises. The agreement to sell the fixtures was subject, for its validity and enforcement, to the vesting of the title; to be evidenced in the way provided for in the agreement of sale, or by some conclusive act as between vendor and vendee anticipating the formal closing of their agreement. Such an act was not only not proved; but the supposition that the vendor believed that Mr. Kountze had waived the defects in the title is wholly negatived by the extensions of time granted to her, to make an effort to cure the defects. Moreover, that Kountze did not intend to waive any objections to the vendor's title is pretty clearly evidenced by his note to Dr. Helmuth, written the very next day after arranging for the sale of the bookcases; in which he suggested that he should wait until the examination of the title was completed before removing the cases. Upon the question of waiver, by acts of ownership on the part of the vendee of land, counsel for the appellant refers us, with seeming confidence, to the English case of *Burnell* v. *Brown* (1 Jacob & Walker Ch. Rep. 168). But it is not at all apposite in its facts. That was a sale of an estate by auction in September, 1812. In January, 1813, an abstract was delivered, by which a reservation of the right to shoot over the estate appeared. In April following the defendant, at his own request, was let into possession. The greater part of the purchase money was paid without objection, until in October following; when the purchaser claimed he should have some compensation, by way of deduction from the price, because of the reservation over the estate. There is no such likeness to this case as to make it an authority in point; nor is it conceivable

that any authority can be found which would go to the extent of holding that a purchaser has waived defects in title, who, without having the actual possession, or the right to the possession of the real property, undertakes to sell to some third person, pending the investigation of the title, some fixtures or other portions of the freehold. Such an agreement, however expressed, is dependent upon the future consummation of the contract of sale between the parties.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.