(8 Misc. Rep. 424.)

### McPHERSON v. SCHADE.

(Superior Court of New York City, General Term.   May 7, 1894.)

SPECIFIC PERFORMANCE—MARKETABLE TITLE.
> Specific performance of a contract to purchase land will not be decreed where it appears that the building on the premises encroaches on the adjoining premises, but the encroachment has not existed long enough to give title by adverse possession.

Appeal from equity term.

Action by John B. McPherson against Herman W. Schade for specific performance of a contract. From a decree dismissing the complaint on the merits, and granting defendant affirmative relief, plaintiff appeals.   Affirmed.

Argued before SEDGWICK, C. J., and McADAM, J.

J. F. Malcolm and A. Kling, for appellant.
J. F. Miller, for respondent.

PER CURIAM.   The plaintiff, as the owner of the premises No. 19 Cornelia street, in this city, filed a bill to compel the defendant to specifically perform a contract whereby he agreed to purchase said property from the plaintiff.   The refusal to take title was based upon the fact that the walls of the house contracted to be sold encroached upon adjoining lands of other owners, and that the plaintiff could not, on that account, convey the title he had agreed to transmit to the defendant.   The trial judge found, upon evidence warranting the conclusion, that the objections made were true, that the encroachments existed, and that the plaintiff could not, therefore, give the defendant a marketable title to the property; and, as a necessary consequence, the plaintiff's complaint was dismissed, and the defendant awarded judgment for the return of $1,000 paid by the defendant at the time the contract was executed, and for $389.90, the reasonable expenses of searching the title.   The objections to the title were not obviated by any adverse possession which had ripened into a title by prescription, or by anything which disabled the adjoining owners from asserting their claims, and raising the questions determined at the trial.   The remedy by specific performance is to a large extent discretionary, and we find no substantial reason for interfering with the disposition made of the case by the learned trial judge.   The judgment must be affirmed, with costs.