(13 Misc. Rep. 517.)

SMITHERS v. STEINER.

(Superior Court of New York City, General Term. July 1, 1895.)

VENDOR AND PURCHASER—MARKETABLE TITLE—ENCROACHING WALLS.

Where the walls of a building encroach about 2½ inches on the street, and six-eighths of an inch on an adjoining lot, the title is unmarketable.

Appeal from special term.

Action by John E. Smithers against David Steiner. From a judgment dismissing a counterclaim, defendant appeals. Affirmed.

Argued before McADAM and GILDERSLEEVE, JJ.

Hahn, Myers & Bronner, for appellant.
Kurzman & Frankenheimer, for respondent.

McADAM, J. The evidence sustains the finding of the trial judge that the front wall of the buildings on the property defendant contracted to convey to the plaintiff encroaches upon the public street known as "Eighth Avenue" at least from 2½ to 3½ inches, and that the northerly wall encroaches upon the adjoining land at least six-eighths of an inch; and the question is whether such encroachments impair the title so as to make it unmarketable. The trial judge held that they do, and accordingly gave the plaintiff judgment for a return of the deposit paid by him on the contract, with the necessary expenses attending the examination of the title. The encroachment upon the street was a substantial one, and we fail to discover anything in the record which establishes an estoppel against the municipality, or prevents it from taking legal measures to remove the obstruction. The projection was not visible to the eye of the purchaser, and is probably unknown to the municipal authorities.

Where the encroachment is of a substantial character, we cannot see that it makes any difference whether it is upon the street or upon adjoining property. The vendee is entitled to receive title to the land with four walls to the house, and these should stand on the land conveyed, that the purchaser may acquire an unimpeachable title to all. In the following cases encroachments of buildings upon the adjoining land have been held fatal defects, and the purchasers relieved from their purchases: Stokes v. Johnson, 57 N. Y. 673, and McPherson v. Schade, 8 Misc. Rep. 424, 28 N. Y. Supp. 659,—encroachment, one inch and a half. Smyth v. McCool, 22 Hun, 595,—encroachment, five inches. Arnstein v. Burroughs (Sup.) 27 N. Y. Supp. 958,—encroachment, two inches. Bowie v. Brahe, 4 Duer, 676. 3 Duer, 35,—encroachment, one inch and seven-eighths. In King v. Knapp, 59 N. Y. 462, the purchaser was relieved from the purchase because the building of the adjoining owner had for 25 years encroached upon the land defendant had contracted to sell. The projection in each of those cases was held to render the vendor's title unmarketable, a term carefully considered in Vought v. Williams, 120 N. Y. 253, 257, 24 N. E. 195; Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905; Kountze v. Helmuth, 67 Hun, 343, 348, 22 N. Y. Supp. 204; affirmed, 140 N. Y. 432, 35 N. E. 656; and other cases. In Webster v. Trust Co., 145 N. Y. 275, 39 N. E. 964, it appeared that the main building was on the street line, and the question involved was whether "a purchaser can be excused from performance because of a slight projection of the water table and stoop beyond the street line, where such projection is visible on inspection." The decision there does not pass upon the effect of latent encroachments, which is the question involved here. Whether the slight encroachment of the northerly wall is an objection which might have been obviated by an award of compensation need not be discussed. The conclusions of the trial judge were also based upon the more serious encroachment on the street, and his judgment thereon is unassailable. The plaintiff being entitled to recover back his deposit, it follows as a necessary consequence that the defendant's counterclaim for affirmative relief is devoid of merit. It was therefore properly dismissed.

The judgment must be affirmed, with costs.