(16 Misc. Rep. 385.)

## EGAN v. KIEFERDORF.

(Supreme Court, Appellate Term, First Department.   March 23, 1896.)

BROKERS—COMMISSIONS—OBTAINING LOAN.

A broker employed to obtain a loan is, in the absence of a condition to the contrary, entitled to commissions on obtaining a person able and willing to make the loan, though it is not consummated because the title to the premises on which the loan was to be made is defective, in that the building thereon encroaches on adjoining property.

Appeal from Fourth district court.

Action by Thomas R. Egan against Cevelia Vera Kieferdorf. From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Chanler, Maxwell & Philip (C. H. Winsor, of counsel), for appellant.

James W. McElhinney, for respondent.

McADAM, J.   The action was to recover $200 brokerage for procuring a loan of $20,000 at 5 per cent., for three years, on premises in West Twenty-Second street, this city, owned by defendant.   It clearly appears that plaintiff's assignor was employed to obtain a loan; that the defendant agreed to pay him $200 for his services; and that the Fayerweather estate, represented by Arnoux, Ritch & Woodford, agreed to make the loan, and would have made it but for the fact that there were three judgments unsatisfied of record against the defendant, and her house encroached 3½ inches on adjoining property, for which reasons the estate rejected the title. The main contention on the trial was whether the employment of the plaintiff's assignor was upon the special condition that no brokerage should be paid until the loan was actually made.   According to the defendant's construction of the agreement, that end could not be reached until the money was in fact paid over to her. The plaintiff's assignor denied that there was any such condition, and the jury, on evidence sufficient to sustain their finding, found there was no such understanding.   As matter of law, in the absence of some special agreement to the contrary, the plaintiff's assignor earned his brokerage as soon as he found a person able and willing to make the loan.   If the one so obtained had refused without sufficient reason to consummate the transaction, it might perhaps be urged successfully that the broker had failed in the full performance of his duty.   But that question does not arise here, because the failure to consummate was owing to the inability of the defendant to give title to the prospective mortgagee which her employment of the plaintiff implied.   The objection to the judgment liens could have been obviated by deducting their amount

from the loan. But there was no feasible way of remedying the encroachment, which constituted a defect in the title rendering it unmerchantable. Smithers v. Steiner, 13 Misc. Rep. 517, 34 N. Y. Supp. 678; 2 Ann. Cas. 174. The consummation of the loan was thus prevented by a cause for which the defendant, and not the broker, was responsible. The rule is that, where one of the con-- tracting parties prevents the literal performance of a condition precedent which the other is ready and offers to fulfill, he cannot avail himself of such nonperformance to relieve him from his own obligation. Moses v. Bierling, 31 N. Y. 462; Gallagher v. Nichols, 60 N. Y. 438. In Doty v. Miller, 43 Barb. 529, it was held that a broker who undertakes to sell property for another for a certain commission, when he finds a purchaser willing to purchase at the price, has earned and can recover his commission, though the sale was never completed, if the failure to complete the same was in consequence of a defect of title, and without any fault of the broker. The same principle was applied in Knapp v. Wallace, 41 N. Y., at page 479, where the court said: "It was no defense to the plaintiff's claim that the title to the property was defective. The broker had not undertaken that it should be good. The contract between him and the defendant did not place his right to compensation on such a condition." See, also, Sibbald v. Iron Co., 83 N. Y., at pages 383, 384, and Kalley v. Baker, 132 N. Y. 1, 29 N. E. 1091. In Holly v. Gosling, 3 E. D. Smith, 262, it was held that a broker engaged to procure a loan is entitled to his commissions when he finds a lender with the money in readiness, and obtains a consent to the loan with an approval of the proposed security, although the lender, upon examining the title, finds the property incumbered, and therefore refuses to consummate the transaction. The case was submitted to the jury in a charge so favorable to the defendant that no exception was taken to it by the appellant, and no requests for further instructions were made on her behalf. Being evidently impressed with the fact, which prominently appears, that the failure to consummate the transaction was entirely owing to the fault of the defendant, the jury found for the plaintiff.

The judgment must be affirmed, with costs. All concur.