(39 Misc. Rep. 505.)

## SCHWOERER v. LEO.

(Supreme Court, Special Term, New York County.  December. 1902.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE—BUILDING RESTRICTION.

An owner of land in 1886 conveyed 25 feet thereof, with a covenant that any building erected thereon should be set back at least 16 feet from the building line, and thereafter conveyed another adjoining lot, 18 feet wide, without such covenant. In 1892 the executors of the owner conveyed the balance of the land to another without such covenant. There was no general scheme in the locality setting the buildings back 16 feet from the line, nor did the original owner of the lots impose any such restriction on lots owned by him on the other side of the street. A purchaser of the second lot sold, and seven feet of the first lot, refused the title because of such restriction. *Held*, that any easement in such second lot, if it ever existed, was extinguished when the title to such lot and the lot first sold united in the same person, and the easement was not revived in conveyances by him.

2. EASEMENT—CONSTRUCTION.

Where an owner of land sold a lot with a restriction against building within 16 feet of the building line, the covenant ran only to the seller, and was not intended to run, and did not run, in favor of any grantee from him of any other lot or parcel.

Action by Anthony Schwoerer against John P. Leo to recover money paid on a contract for the purchase of real estate.  Judgment for defendant.

Albert L. Phillips, for plaintiff.

Dulon & Roe, for defendant.

SCOTT, J.   This is an action to recover the money paid on account of a contract for the purchase of real estate, on the ground that the defendant cannot convey a good and marketable title.  The premises covered by the contract consist of a lot on the northerly side of West 154th street, between St. Nicholas and Amsterdam avenues, containing 25 feet in width.  The incumbrance alleged relates to the 7 feet on the easterly side of the lot.  The property comprises part of a plot 84 feet in width conveyed in 1881 by Sarah Palmer to James Monteith.  In January, 1886, Monteith conveyed to Edward E. Williams the easterly 25 feet of the plot by a deed which contained the usual covenant against nuisances, and a further covenant that the premises should not be occupied for other purposes than as a private dwelling for a period of 15 years, and that any building to be erected upon the premises should not be nearer the building line than 16 feet.  It is this covenant requiring the building to be set back which constitutes the incumbrance set up in the complaint, since the lot contracted to be conveyed includes 7 feet of the lot described in the aforesaid deed.  In February, 1886, Monteith conveyed a plot 18 feet in width, adjacent to the lot above conveyed, on the west thereof, to the same Edward E. Williams, by a deed containing the usual covenant against nuisances, and a further covenant that the premises should not be occupied for any purpose other than a private dwelling for a period of 15 years, and that any building to be

· ¶ 2. See Deeds, vol. 16, Cent. Dig. § 543.

erected upon said premises during that period should not be nearer
to the building line than 11 feet. The premises then conveyed com-
prise a part of the property contracted to be sold by defendant to
plaintiff, and, since 15 years have elapsed, they are not now subject
to the set-back covenant. The 41 feet comprising the westerly half
of the plot conveyed by Sarah Palmer to James Monteith were not
sold by the latter during his lifetime, but were conveyed by his
executors in 1892 by a deed which contained a covenant against
nuisances, and a covenant that for a limited period the premises
should be occupied only for a private dwelling, but contained no
covenant respecting the setting back of any building that might be
erected. Monteith never owned any other property on the north side
of 154th street. He did own property on the south side of the street
between the same avenues, which was conveyed by his executors to
several grantees by deeds containing covenants against nuisances,
and against erecting anything but private dwellings for a period of
15 years, but no set-back covenant. To the west of the lot first con-
veyed by Monteith to Williams stand 11 houses and lots acquired by
John Kelly by deed dated October 16, 1874, and conveyed by Anna
P. Kelly, devisee of John Kelly, in 1902. These houses, which have
been standing for some 20 years, are built upon a terrace, and are
actually set back from the building line, but neither the deed to Kelly
nor the deed from Mrs. Kelly contains any restrictions or covenants
as to the setting back of any building to be erected upon the lots.
Hence, if the plaintiff's contention be upheld, the 25 feet conveyed by
Monteith to Williams in January, 1886, is the only lot upon the
northerly side of the street upon which a building cannot be erected
out to the building line. It will be observed that there were no
reciprocal easements imposed upon any other lot in favor of the lot
first conveyed to Williams, nor was there any mutuality of covenant
to sustain Williams' covenant to set back any building to be erected.
As to all his other property, Monteith kept himself free to build as
he chose. This lack of mutuality or reciprocal obligation distin-
guishes the present case from the authorities upon which the plaintiff
relies. Trustees of Columbia College v. Lynch, 70 N. Y. 440, 26
Am. Rep. 615; Kountze v. Helmuth, 67 Hun, 343, 22 N. Y. Supp.
204; Lattimer v. Livermore, 72 N. Y. 174; Wetmore v. Bruce, 118
N. Y. 322, 23 N. E. 303; Raynor v. Lyon, 46 Hun, 227. Nor can
it be said that the restriction contained in the first deed to Williams
constituted part of a general and uniform plan of restriction, since
nowhere else is to be found any evidence of such a scheme. On the
contrary, Monteith's second deed to Williams and all the deeds
by Monteith's executors negative any presumption that they or
Monteith intended to establish a general scheme of perpetual restric-
tion upon building out to the building line. The case as presented
by the proof is brought squarely within Equitable Life Assurance
Society v. Brennan, 148 N. Y. 661, 43 N. E. 173, wherein the court
said:

"If the covenant is silent, if there is no mutual agreement or understanding
between the various owners creating an easement, if there is nothing in the
surrounding circumstances from which mutual rights can be fairly inferred,

then no action [for an injunction to restrain the violation of a covenant] can be maintained."

I am clearly of the opinion that the covenant in question ran only to James Monteith, and was not intended to run, and in fact did not run, in favor of any grantee from him or his executors of any other lot or parcel of land; that upon the conveyance to Williams of the adjoining lot on the west in February, 1886, the easement, if it ever existed, in favor of the lot secondly conveyed, was extinguished as to that lot by the union of the title to both lots in the same owner (Post v. Weil, 115 N. Y. 361, 22 N. E. 145, 5 L. R. A. 422, 12 Am. St. Rep. 809), and that the restriction was never revived by Williams, the only restriction contained in his deed to Clara M. Williams of the property now in dispute being the covenant against nuisances contained in the second deed from Monteith to Williams; that Monteith did not reserve, or intend to reserve, as to the property first sold to Williams, an easement in favor of the land which he retained, and, if he did, that his executors, by their deed to Westervelt of the westerly half of the property acquired by Monteith from Palmer, did not convey to Westervelt any easement, as against the property in question, that it be perpetually set back. I therefore find no such incumbrance upon the property as is pleaded by the plaintiff as a reason for rejecting the title, and, as all the evidence necessary to establish the freedom of the property from incumbrance is a matter of record, I find the title to be not only good, but marketable. There must therefore be judgment for the defendant, dismissing the complaint upon the merits, with costs, and an extra allowance of $60.

Judgment for defendant, with costs, and an extra allowance of $60.