CHAMBERS v. ACKLEY.

(Supreme Court, Trial Term, New York County.   June 29, 1903.)

1. BROKERS—LOAN OF MONEY—FINDING LENDER—COMPENSATION.

A broker employed to procure a loan on real estate is not entitled to compensation merely because a lender was found who agreed to make the loan, "subject to the conditions, title, etc., being found ultimately satisfactory," but who declined to make the loan after an examination of defendant's title to the real estate.

Action by one Chambers against one Ackley to recover compensation for finding a money lender willing to make a loan on defendant's real estate.   Judgment for defendant.

Curtis, Mallet-Prevost & Colt, for plaintiff.
J. E. Ackley, for defendant.

GREENBAUM, J.   The complaint alleges that the defendant requested the plaintiff to perform certain services in obtaining a loan of $50,000 for the defendant, for which the latter agreed to pay the former $375; that the plaintiff procured the New York Life Insurance Company, able and willing to make the loan, but that the same was never consummated through the fault of the defendant, in that his title to the property upon which a mortgage to secure the said loan was to be made was defective; and that plaintiff performed all the services required to be performed by him. The employment of the plaintiff was not disputed, and it appeared upon the trial that the insurance company, upon an application made to it by the defendant, approved the proposed loan upon the security offered, "subject to the conditions, title, etc., being found ultimately satisfactory."   It was shown to be the practice of the company, followed in this instance, to refer applications approved by its executive committee to its counsel, upon whose report, giving or withholding his approval thereof, the company finally acted.   In this case the company's counsel, upon receipt of the approved application, learned, from an attorney in no wise connected with the company, that a lis pendens was on file in the county clerk's office in an action brought by one Mary Graham against defendant, and affecting the property to be mortgaged.   Upon this information a member of the office force of the company's counsel examined the lis pendens on file, and reported to the counsel that it affected the said property, whereupon the company's counsel returned the application with his disapproval.   The approval of the executive committee on the application was thereafter canceled, and the loan was never consummated.   Upon this state of facts the plaintiff rests his right to recover the commission, contending that the rule in the cases of brokerage for sales of property applies here.

The difficulty with the contention here is that the difference in the character of the two transactions is overlooked.   A proposed lender may at any moment with impunity withdraw his expressed willingness to make a loan.   To quote from the opinion of the General Term of this Department, as expressed by the presiding justice in Crasto v. White, 52 Hun, 475, 5 N. Y. Supp. 718, at page 477, 52

Hun, page 719, 5 N. Y. Supp., "There is no way in which a party can compel another to make a loan, the case being entirely different from that of a purchaser of real estate, who could be compelled to complete." If the plaintiff's view of the law be sound, and the rule relative to sales of property be applicable, a broker would be entitled to commissions the moment an agreement for loan is entered into. It is apparent that such cannot be the correct rule of law. But it is urged by the plaintiff that the only reason for the failure to make the loan was the defect in defendant's title. But this was not proven. It was not even shown that the representative of the company's counsel saw the complaint in the suit against the defendant, and it has been held that the lis pendens alone constitutes no incumbrance or defect, and that a rejection of the title on that ground alone is not justified. Hayes v. Nourse, 114 N. Y. 595, 22 N. E. 40, 11 Am. St. Rep. 700. The only authority cited by defendant having an immediate bearing is Egan v. Kieferdorf, 16 Misc. Rep. 385, 38 N. Y. Supp. 81. The latter case is distinguishable from this, in that it here appears that the acceptance of the loan by the insurance company was subject to "conditions [whatever that may mean], title, etc., being found ultimately satisfactory." There was, therefore, no absolute acceptance dependent only upon the sufficiency of defendant's title. The case here presented is therefore analogous to Condict v. Cowdrey, 139 N. Y. 273, 34 N. E. 781.

Judgment is ordered for defendant, with costs.