## DETHLOFF v. VOIT.

(Supreme Court, Appellate Division, First Department. April 20, 1916.)

**1. JUDGMENT ⬳243—ISSUES—PARTIES.**

In a suit between vendor and purchaser involving the validity of restrictive covenants, it is not competent for the court to decide whether third parties not before the court are entitled to have the covenants enforced.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 428; Dec. Dig. ⬳243.]

**2. SPECIFIC PERFORMANCE ⬳95—SUFFICIENCY OF VENDOR'S TITLE—MARKETABLE TITLE.**

Specific performance of a private contract to purchase land will not be enforced, unless the title is marketable.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 257–277; Dec. Dig. ⬳95.]

**3. VENDOR AND PURCHASER ⬳130(2)—MARKETABLE TITLE—RESTRICTIVE COVENANTS.**

A title subject to restrictive covenants which impose greater restrictions on the use of the land than those imposed by law is unmarketable, and the court will not inquire whether the restrictions are beneficial or otherwise.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 246; Dec. Dig. ⬳130(2).]

Controversy by Louis H. G. Dethloff against Nellie Voit, submitted under Code Civ. Proc. §§ 1279–1281. Judgment ordered for plaintiff.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Abraham M. Pariser, of New York City, for plaintiff.
David Galewski, of New York City, for defendant.

LAUGHLIN, J. The defendant was the owner of the land and buildings known as Nos. 194 and 196 Second avenue, borough of Manhattan, New York, and on or about the 2d day of December, 1912, she entered into an agreement in writing for the sale and conveyance thereof to the plaintiff. At the time agreed upon for closing title she tendered a full-covenant warranty deed, but plaintiff refused to take title on account of restrictive covenants to which the title of defendant was subject. The restrictive covenants were contained in a deed, forming part of defendant's chain of title, executed by Peter G. Stuyvesant and wife to James Robertson on the 31st day of January, 1846, and recorded in the office of the register of the city and county of New York on the same day in Liber 473 of Conveyances, pages 17, 18, and 19. The grantee of the premises thereby covenanted with the grantor, his heirs and assigns, among other things, that:

Neither he nor his heirs nor assigns "shall at any time hereafter erect on the premises any building the front wall whereof shall approach within eight feet of the line of the avenue, * * * and that whenever the said premises shall be improved there shall be erected thereon a building covering the width of the said lot, and at least 45 feet deep, three or more stories high, two stories thereof to be at the least 24 feet in the clear and finished for a genteel residence, or else a church or place of public worship. And it is un-

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

derstood that this covenant is attached to the premises, and that it shall be lawful not only for the said Peter G. Stuyvesant, his heirs or assigns, but also for the owner or owners of any lot adjoining the premises, to institute and prosecute any proceedings at law or in equity against the person or persons violating the same, it being understood that this covenant is not to be enforced personally against the said party of the second part, his heirs or assigns, unless he or they being the owner or owners of the premises shall personally violate the same."

The omitted part of the covenants was in the usual form against nuisances, and to them no objection was or is interposed. The stipulated facts further show that, when the deed containing the restrictive covenants was executed, the premises in question had not been built upon, but were subsequently improved by the erection of two dwellings thereon in the manner contemplated by the agreement, and that on the eight feet in front of the buildings there was a courtyard inclosed by a stone coping, and that similar courtyards were maintained in front of the buildings on the block and on the blocks south and north thereof. It is further shown by the stipulated facts that for a long time thereafter the neighborhood remained a high-class residential section, but that, beginning about 10 or 12 years ago, the neighborhood in question "slowly, but gradually, changed from a genteel residential neighborhood to a business and tenement neighborhood"; that an electric trolley line runs north and south on the avenue, and that the courtyards on the avenue have been gradually removed as the residences were torn down or changed into business or tenement property, and have all disappeared; that what was formerly the courtyard in front of the premises immediately to the south has been built upon to the street line, and is occupied by a saloon and liquor store on the ground floor, with tenements above; that the premises immediately to the north are now occupied by a six-story tenement house, with stores on the ground floor used for business purposes; that the premises in question are now used for business purposes and as a boarding house; and that all or nearly all of the premises in the neighborhood are used for business purposes, or as tenements, boarding houses, or furnished room houses.

The plaintiff claims that, notwithstanding these changes in the character of the neighborhood and the failure to observe the restrictive covenants with respect to the character of the buildings and with respect to the use of the eight feet immediately adjoining the street, the title, owing to these restrictive covenants, is unmarketable; and the defendant, on the other hand, contends that the stipulated facts render the restrictive covenants unenforceable.

[1] It is highly probable that the restrictive covenants are no longer enforceable, and that there is but little danger of liability for damages for a violation thereof in the use of the premises in question; but those questions cannot be decided on this submission, for the parties who may attempt to enforce the restrictive covenants or to recover damages for their violation are not before the court and would not be bound by the decision. The learned counsel for the defendant relies upon decisions made in suits in equity, either to enforce restrictive covenants, or to have them declared no longer of force. In those cases, all parties in interest were before the court; but in nearly every case in which the

court refused to enjoin a violation of the covenants on account of a changed condition of the neighborhood, it was expressly recognized that there might be a liability for damages in an action at law (see McClure v. Leaycraft, 183 N. Y. 36, 75 N. E. 961, 5 Ann. Cas. 45; Goodhue v. Cameron, 142 App. Div. 470, 127 N. Y. Supp. 120); and in Zipp v. Barker, 40 App. Div. 1, 57 N. Y. Supp. 569, affirmed 166 N. Y. 621, 59 N. E. 1133, building on a courtyard in violation of a restrictive covenant was enjoined, notwithstanding the fact that the evidence showed that the character of the neighborhood had changed from residential to business purposes since the making of the restrictive covenants.

[2, 3] As already observed, the parties for whose benefit these restrictive covenants were made are not before the court, and therefore it is not competent for the court to decide whether they are entitled to have a violation of the covenants enjoined, or to recover damages for a violation thereof. Those are the questions to which the briefs of the respective parties are addressed; but the question presented for decision by this submission is whether the defendant's title is marketable, and the authorities bearing upon that question have not been cited, or drawn to our attention by counsel for either party. It is, however, the well-settled rule that specific performance of a private contract to purchase land will not be enforced unless the title is marketable, and that a title subject to restrictive covenants which impose greater restrictions on the use of the land than those imposed by law render the title unmarketable, and that the court will not in such case inquire into the question whether the restrictions are beneficial or otherwise. Heller v. Cohen, 154 N. Y. 299, 306, 48 N. E. 527; Kountze v. Helmuth, 67 Hun, 343, 22 N. Y. Supp. 204, affirmed 140 N. Y. 432, 35 N. E. 656; Goodrich v. Pratt, 114 App. Div. 771, 100 N. Y. Supp. 187; Wetmore v. Bruce, 118 N. Y. 319, 23 N. E. 303; Dieterlen v. Miller, 114 App. Div. 40, 99 N. Y. Supp. 699; Heim v. Schwoerer, 115 App. Div. 295, 100 N. Y. Supp. 808, affirmed 187 N. Y. 543, 80 N. E. 1111; Scudder v. Watt, 98 App. Div. 228, 90 N. Y. Supp. 605; McDougall v. Schneider, 134 App. Div. 208, 118 N. Y. Supp. 861.

We are of opinion, therefore, that the title was unmarketable, and that the plaintiff is entitled to judgment for $750 in accordance with the stipulation, but without costs. All concur.