CHARLES C. BULL, as Trustee for ADELAIDE B. HARRIS, under the Will of WILLIAM V. BRADY, and Others, Appellants, *v.* FRANK V. BURTON and J. HOWES BURTON, Respondents.

First Department, May 4, 1917.

Real property — vendor and purchaser — specific performance — when covenants constitute incumbrances — party-wall agreement.

A vendee will not be required to specifically perform a contract for the conveyance of real estate where the title is subject to an incumbrance, not excepted from the contract, which imposes a greater restriction on the use of the premises than is imposed by general law.

Hence, where property agreed to be conveyed free of all incumbrances is found to be subject to restrictive covenants relating to the position and construction of buildings and the kind of business which may be carried on, thus imposing a greater restriction on the use of the premises than is imposed by general law, specific performance will not be granted.

*It seems,* that a party-wall agreement relating not only to an existing party wall, but providing for its extension in the future, constitutes an incumbrance.

APPEAL by the plaintiffs, Charles C. Bull, as trustee, and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 12th day of August, 1915, dismissing the complaint on the merits, awarding a personal judgment in favor of the defendants on their counterclaim, and declaring a lien upon the premises involved in this action therefor.

The judgment was rendered upon the report of a referee appointed to hear and determine the issues.

*John M. Bowers* [*Albert E. Hartcorn* with him on the brief], for the appellants.

*Edward E. Sprague,* for the respondents.

LAUGHLIN, J.:

This is an action by vendors against vendees to enforce the specific performance of a contract, in writing, by which the defendants agreed to purchase the premises known as No. 448 Fifth avenue, in the borough of Manhattan, New York.

The vendors agreed to convey the premises free of all incumbrances, with certain exceptions not material to the questions presented by the appeal. The defendants pleaded, among other things, as a defense, that the title of the plaintiffs was subject to a restrictive covenant in favor of adjoining lands, contained in an agreement executed by and between the owners on the 27th day of February, 1864, and recorded on the 11th day of May, 1865, in the register's office of the county of New York, in liber 939 of Conveyances, at page 77, which made the premises subject to covenants against nuisances and regulating the character of improvements to be made thereon, contained in a deed from John D. Wendel and wife to Henry A. Hurlbut, bearing date the 13th day of September, 1859, recorded in the office of the register of the city and county of New York, in liber 791 of Conveyances, at page 301.

By the last-named conveyance the then owner of the premises in question covenanted that neither he nor his heirs or assigns should at any time thereafter " erect any buildings within forty feet of the front of said lots, except of brick or stone, with roofs of slate or metal, and will not erect or permit upon any part of the said lots any slaughter house, smith shop, forge furnace, steam engine, brass foundry, nail or other iron factory, or any manufactory of gun powder, glue, varnish, vitriol, ink or turpentine, or for the tanning, dressing or preparing of skins, hides or leather, or any brewery, distillery or any other noxious or dangerous trade or business." These restric-

tive covenants were not excepted from the agreement of the vendors to convey free and clear of incumbrances.

The learned referee held that the title of the plaintiffs was subject to these restrictive covenants, and that they imposed greater restrictions on the use of the premises than are imposed by law; and that, therefore, the title is not such as they agreed to convey, notwithstanding the fact that the evidence shows and the referee found that the restrictive covenants do not prejudicially affect the market value of the premises.

It is contended by the learned counsel for the appellants that all of the uses restricted by the covenant quoted are prohibited by law; but the statutory provisions cited from the charter and ordinances do not sustain that contention. We, therefore, agree with the referee that by the restrictive covenants the use of the premises is more restricted than by law; and that, therefore, the plaintiffs were not entitled to specific performance, and the defendants were entitled to judgment on their counterclaims for the relief which has been awarded to them. Since the decision by the referee this court, in *Dethloff* v. *Voit* (172 App. Div. 201), held the rule to be as declared by the learned referee, that a vendee will not be required to specifically perform a contract for the conveyance of real estate where the title is subject to an incumbrance, not excepted from the contract, which imposes a greater restriction on the use of the premises than is imposed by general law.

The record contains the exceptions taken by the respondents, and they excepted to the conclusion of law that a party-wall agreement affecting the premises does not constitute an incumbrance. The party-wall agreement relates not only to an existing party wall but provided for its extension in the future. This court, in *Hayden* v. *Pinchot* (172 App. Div. 102), expressly recognized that such a party-wall agreement would constitute an incumbrance although the point was not necessarily presented for decision. If, therefore, the decision of the case at bar could not be sustained on the ground on which it was placed by the learned referee it would become necessary for the court on appeal to consider whether the conclusion of law made by the referee with respect to the party-wall agreement was sound, and if erroneous, to reverse it and

substitute a conclusion of law to the effect that the party-wall agreement constitutes an incumbrance; but since we are of opinion that the decision is right on the ground on which it was placed it is unnecessary to consider further or to decide the point made by the respondents to the effect that the party-wall agreement constitutes an incumbrance.

It follows, therefore, that the judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, DAVIS and SHEARN, JJ., concurred.

Judgment affirmed, with costs.