Nicholas M. Pette, J.
The plaintiffs, vendors of real property under a contract of purchase and sale dated March 27, 1957 instituted this action for specific performance of said contract. The defendants have counterclaimed for the return of their down payment of $1,000, and $106, the net cost of examining title. Both sides now move for summary judgment.
The contract involves a lot 25 by 100 feet. The 25 feet front on 95th Avenue and the 100 feet are parallel with 113th Street, Jamaica. In 1949, a one and one-half story brick and frame dwelling was constructed on the property, with the structure only 1.34 feet from the line of 113th Street and between 7.30 and 7.41 feet from the line of 95th Avenue. Said structure has a value in excess of $500. These facts are conceded.
The contract provided inter alla, that the premises were to be conveyed:
“ Subject to any state of facts an accurate survey may show providing same does not render title unmarketable.
“ Subject to covenants, restrictions and agreements of record provided same are not violated by present existing structures * # # geper shall give and the purchaser shall accept a title such as any title company will approve and insure.”
Also that: “ In the event that the seller is unable to convey title in accordance with the terms of this contract, the sole liability of the seller will be to refund * * * the amount paid on account of the purchase price and to pay the net cost of examining the title * * * not to exceed the charges fixed by the New York Board of Title underwriters.”
Defendants, with the knowledge of plaintiffs, employed the Home Title Guaranty Company to search and insure title to the subject property. The search reveals that a deed of the property recorded on November 1, 1854 contains the following: “It is further convenanted and agreed by and between the parties hereto that no house or dwelling shall be erected on said premises within ten feet of the line of any street on which the same bound or the actual valúe of which house or dwelling shall be less than five hundred dollars ($500).”
*468 A survey dated June 30, 1949 by surveyor Theo. T. S chaff, discloses that the building erected on the premises violates the aforesaid 10-foot setback restriction of said covenant, which runs with the land, and the plaintiffs admit that the building is not 10 feet back of the line of the streets. The examination report of the title company states that: “ the vestibule and the building violate the 10 foot setback restrictions, but the policy will insure that said encroachment may remain so long as the building stands.”
The provisions whereby the vendors agreed to give a title which would not be rendered unmarketable by reason of any state of facts an accurate survey would show and that the premises were to be conveyed subject to restrictive covenants not violated by the building on the property, Avere typewritten into the contract to express the certain intention of the parties as to the nature of the title to be given and accepted, while the provision that the grantor give and the purchaser accept a title such as any title company will approve and insure is printed as part of the contract form approved by the board of title underwriters and distributed by title companies.
There is no claim made by plaintiffs that the aforesaid printed provision of the contract was included therein as an oversight, or that plaintiffs did not agree or contemplate giving defendants a title such as any title company will approve and insure. To the contrary, however, plaintiffs in their joint affidavit submitted on their motion, urge that the contract they entered into with the defendants “ did not provide for your deponents to deliver a marketable title but ‘ such title as any title company Avill insure ’.” That quoted statement is an admission by plaintiffs that the aforesaid printed provision was clearly intended as one of the binding features of the contract. To further emphasize that phase of the contract, a fortiori, plaintiffs contend that the Home Title Guaranty Company will insure that said encroachment within the 10-foot restricted area may remain so long as the building stands, and that while the building is admittedly not 10 feet of the line of the streets, said building has a value in excess of $500 and therefore meets one of the requirements of the restrictive covenant; they further contend that the adjoining building on the east as Avell as the buildings in the immediate area all are affected by said restrictive covenant and do not comply therewith, and that when the subject building was erected in 1949, no questions were raised by any of the surrounding OAvners of any violation of the covenant, and that the majority of neighboring owners were in possession prior to the construction of the subject building; *469 and that by reason of such facts the title is marketable, although plaintiffs did not contract to deliver a marketable title but contracted to deliver a title such as any title company will insure, and that therefore plaintiffs are entitled to specific performance of the contract by the defendants. The court finds and determines that there is no merit to plaintiffs’ aforesaid contentions.
The language of the covenant is clear and unambiguous. In plain and unequivocal words it means that the covenant is violated (1) by erecting a building that is not set back 10 feet from the streets lines, or (2) erecting a building the value of which is less than $500, or (3) if either or both restrictions are not complied with. Any other interpretation would result in the court making a new contract for the parties under the guise of interpretation of the writing, which the court may not do (Heller v. Pope, 250 N. Y. 132, 135; Brown v. Manufacturers Trust Co., 278 N. Y. 317, 324).
The law in this State is well settled, that the title to real property is rendered unmarketable where covenants running with the land are violated and such violation may expose the purchaser of such property to action by owners of adjoining land to enforce the covenant, restrain its violation, or recover damages because of the violation (Chesebro v. Moers, 233 N. Y. 75; McPherson v. Schade, 149 N. Y. 16; Vought v. Williams, 120 N. Y. 253; Fleming v. Burnham, 100 N. Y. 1; 57 A. L. R. 1301, 1302, and cases cited in n. 2).
While a change in the character of a neighborhood may afford grounds to preclude equitable relief for enforcement of the restrictive covenant, that however, does not invalidate the covenant, and hence the title remains unmarketable (Lowe v. Stanton, 191 App. Div. 43; Fourth Presbyt. Church v. Steiner, 79 Hun 314) and an action for damages for violation may be maintained, because the court has no power to set at naught a binding contract (Doyle v. Olson Realty Co., 132 App. Div. 200; also, see, Dethloff v. Voit, 172 App. Div. 201; Chesebro v. Moers, supra).
Although not the fact, even if the title could be held to be marketable, the defendants here would still be entitled to recover their down payment and the net cost of examining the title on the ground that they agreed to purchase a title such as any title company will approve and insure, and the Home Title Guaranty Company has refused to insure title unquali-fiedly. Our courts have consistently held that where, as here, the contract expressly requires that the vendor shall give and the purchaser shall accept a title such as any title company will *470 approve and insure, the vendor assumes the burden of delivering a title which any title company will approve and insure unconditionally and without exceptions (Flanagan v. Fox, 6 Misc. 132, affd. 144 N. Y. 706; New York Investors v. Manhattan Beach Bathing Parks Corp., 256 N. Y. 162; Friedman v. Handelman, 300 N. Y. 188; Salvin v. Weidemann, 276 App. Div. 454; Gilchrest House v. Guaranteed Title & Mtge. Co., 277 App. Div. 788). The plaintiffs in the case at bar have failed to sustain that burden and are bound by their contractual obligation to do so.
Should the purchasers in the future desire to replace the existing building because of its destruction by fire or other cause or for any other reason whatsoever, they may be required to adhere to the setback restriction of 10 feet; and with the lot only 25 feet in width, that undoubtedly would be an incum-brance on the property substantially restricting the owner in the use thereof.
Under the circumstances prevailing in the case at bar, the defendants may not be compelled to specifically perform the contract and are justified in refusing to take a title which the title company will not approve and insure unqualifiedly and without exceptions, and which may subject them to litigation in the future because of said violation of said restrictive covenant.
Accordingly, plaintiffs’ motion for summary judgment is denied, and the defendants’ motion is granted. The defendants will have judgment for the down payment and the net charge for the title examination, without insurance premium, proof of which will be submitted upon the settlement of the order. Defendants are also entitled to interest from June 8, 1957, but no costs. Settle order.