# SUPREME COURT.

THE HOME INSURANCE COMPANY agt. WALTER JONES and others.

Where a purchaser at a mortgage foreclosure sale bids off the property and pays down ten per cent of the purchase-money, but neglects further to complete his purchase, and the referee, under the terms of sale, without another application to the court, advertises the premises for resale on the purchaser's account, which are sold and struck off to the same purchaser at a less amount than on the first purchase, who pays ten per cent on the last purchase, the purchaser is entitled to have the purchase completed on payment of the amount bid on the *second sale*, and in doing so is entitled to credit for all moneys he has paid.

*New York Special Term,* 1873.

IN this action a judgment of foreclosure and sale having been entered, the premises were sold June 9th, 1873, under the direction of the referee, named in said judgment, to one A. C. Milne for the sum of $49,000. At the time of sale the purchaser paid ten per cent of the purchase-money and signed the terms of sale, which prescribed that the purchase should be completed June 28th, 1873.

The terms of sale were in the usual printed form, the third and sixth clauses being as follows:

3d. The referee is not required to send any notice to the purchaser; and if he neglects to call at the time and place above specified, to receive his deed, he will be charged with interest thereafter on the whole amount of his purchase, unless the referee shall deem it proper to extend the time for the completion of said purchase.

6th. The biddings will be kept open after the property is struck down; and, in case any purchaser shall fail to comply

with any of the above conditions of sale, the premises so struck down to him will be again put up for sale under the direction of said referee, under the same terms of sale, without application to the court, unless the *plaintiff's attorney* shall elect to make such application; and such purchaser will be held liable for any deficiency there may be between the sum for which said premises shall be struck down upon the sale, and that for which they may be purchased on the resale, and also for any costs or expenses occurring on such resale.

On the 28th of June the purchaser failed to complete, and, the plaintiff's attorney not electing to apply to the court, the premises were readvertised by the referee and resold August 1, 1873; announcement being made of the former failure to complete, and that the second sale was made on the former purchaser's account, under the terms of sale subscribed by him.

The premises were sold for $44,000 to A. C. Milne, the purchaser on the former sale, who thereupon paid to the referee $4,400, being ten per cent of the purchase-money.

At the time appointed for the completion of the second purchase a controversy arose as to the amount of money then to be paid by the purchaser; three suggestions being made, first, that he was bound to pay $49,000, with interest thereon from June 28th (the time when the first purchase should have been completed), less $9,300, the amount paid by him to the referee; second, that he should pay only $44,000, less $9,300; third, that he should pay $44,000, less $4,400, and that the $4,900, previously paid by him, should be applied by the court to meet the expenses of the resale and the deficiency thereon.

Application was thereupon made by the referee to the court for instructions.

W. GLEASON, *for the purchaser*, claimed that this case was governed by *Miller* agt. *Colyer* (36 *Barb.*, 250); that no action could be maintained against the purchaser upon the

Home Insurance Company agt. Jones.

terms of sale; that, in spite of the provisions of the terms of sale, he could not be held liable at all without an order from the court; and that, in default of such order, he was entitled to be credited with the $9,300 advanced by him, and to be compelled to pay but $44,000, less the amount·so advanced.

GEO. PUTNAM SMITH, *the referee in person,* argued that *Miller* agt. *Colyer* was not decisive of this case, this not being an attempt to compel a purchaser to complete his purchase, nor an action based upon the contract supposed to be contained in the terms of sale (as in *Miller* agt. *Colyer*); nor were the terms of sale similar to those used by the sheriff in that case.

That the present was an attempt by a purchaser, who had made default and had thereby caused expense and loss, to *recover back* the ten per cent paid by him as a pledge that he would complete his purchase; that *Miller* agt. *Colyer* decided that, by signing the terms of sale, a purchaser placed himself within the jurisdiction of the court, and could be dealt with on equitable principles; and that to permit him to take advantage of his own wrong, and obtain the property· at a lower price than he had first agreed to pay, would· be inequitable, and open a wide door for fraud.

FANCHER, *J.*—Forasmuch as none of the parties to the action elected to proceed against the purchaser for not completing his first purchase, and the referee, without any further order from the court, made a resale, I think the purchaser is only bound to complete the second purchase, and, in doing so, is entitled to credit for all moneys he has paid.