ADDRAETTA GOODWIN, Respondent, *v.* ADDRA E. SIMON-SON, Impleaded, etc., Appellant.

Defendant S. conveyed certain premises subject to a mortgage executed by her. In an action to foreclose the mortgage S. did not appear. The decree directed judgment against her for any deficiency. The premises on sale under the decree were bid off by H. for a sum sufficient to pay the mortgage. By the terms of sale five per cent of the purchase-money was required to be paid down; this provision was waived, and the time for completing the sale was postponed from time to time, an order was subsequently granted requiring H. to complete his purchase; he having failed so to do, an order was granted directing a re-sale, which was had, and the premises were sold for $2,000 less than the bid of H., leaving a deficiency for which judgment was entered up against S. On appeal from order denying motion to set aside this judgment, *held*, that conceding the liability of S. to be only that of surety, he was not discharged, as it did not appear that payment could have been enforced against H., that S. requested plaintiff to enforce it, or that there was any fraud on the part of plaintiff; that, in order to discharge a surety in such case, it should be made to appear that some injury was done him by the acts complained of; also that plaintiff had the election either to proceed against the purchaser for contempt, or to apply for a re-sale, and having chosen, and the court having granted the latter remedy, the order, was conclusive, and released plaintiff from any obligation to institute proceedings to recover the deficiency of H.

(Argued May 31, 1878; decided June 11, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term denying a motion to vacate and set aside a judgment for a deficiency.

This action was brought to foreclose five mortgages upon certain premises situated in Jamaica, L. I.; the third in order of said mortgages was executed by defendant, Addra E. Simonson, to secure her bond.

The decree adjudged that said defendant pay any deficiency after application of proceeds of sale to the payment of her own and the prior mortgages. The premises were exposed for sale under the decree, and were bid off by one Harris for $7,300. The terms of sale required five per cent of purchase-money to be paid down, and the purchase to be completed in fifteen days. The payment of the five per cent down was waived, and the time for the completion of the purchase was extended from time to time, until June 16, 1876. Harris failed to complete the purchase, and paid no part of the purchase-money. On motion an order was granted requiring him to complete the purchase, but he did not do so, and subsequently another order was granted, on motion, directing a re-sale. A re-sale was had, and the premises sold for $5,500. The bid of Harris would have left no deficiency on the Simonson mortgage; the last sale left a deficiency of $1,011.55, for which sum a personal judgment was entered against said defendant, to vacate which the motion in question was made.

*Philip L. Wilson*, for appellant. Plaintiff having elected to proceed against the realty defendant stood personally in the position of a surety as to the third mortgage. (*Calvo* v. *Davis*, 8 Hun, 222; *Pomeroy* v. *Tanner*, N. Y. D. Reg., Oct. 17, 1877; *Penfield* v. *Goodrich*, 10 Hun, 41.) Any act of plaintiff which extended the time or discharged the principal also relieved the surety. (*Ludlow* v. *Simond*, 2 Cai. Cas., 1; *Billington* v. *Waggoner*, 33 N. Y., 31.)

*Elihu Church*, for respondent. The appellant was liable to plaintiff on her bond. (*Merritt* v. *Bartholick*, 36 N. Y., 44.) A purchaser at a foreclosure sale, and the owner of the premises sold, do not bear the relation of vendee and vendor to each other. (*Mitchell* v. *Bartlett*, 51 N. Y., 447.) The purchaser at such a sale enters into no contract with either the referee, who conducts the sale, or the plaintiff in the foreclosure. (*Miller* v. *Collyer*, 36 Barb., 250.) Sign-

ing the memorandum at the foot of the terms of sale works no change in the title. (*Strong* v. *Dollner*, 2 Sandf., 444.)

MILLER, J.  Conceding that the appellant's liability to pay the mortgage debt is that of a surety, it is by no means clear that any act was done by the plaintiff to relieve the defendant from the judgment against her for the deficiency upon the foreclosure sale.  The alleged grounds upon which it is claimed that the defendant was discharged, are that the purchaser was not compelled to make a deposit, as was required by the terms of the sale; that the time for closing the sale was extended, and that no proceedings were instituted to obtain an attachment, as in a case of a contempt.  The agreement to give time is not distinctly sworn to, and is positively denied by the plaintiff, as well as the purchaser.  At most, it is a matter of inference, from the fact of the postponements of the sale.  It is exceedingly questionable whether the proof should not have been more satisfactory, in order to discharge a person as surety, than such as is presented upon this motion.  But even if the fact was made sufficiently apparent that the act of the plaintiff was the cause of delaying the sale, and of not compelling the payment of the purchase-money, as the terms required, and not proceeding by attachment, there are other obstacles in the way of releasing the defendant from liability.  First.  It is not shown by proper proof that the appellant was injured, or suffered anything by reason of the delay, because it does not appear that the purchaser possessed any pecuniary responsibility, so that payment of the bid could be enforced against him for the same, and for the amount to be paid down as cash upon the sale, or that proceedings by attachment could have been effectual for such a purpose.  Second.  It does not appear that, if a re-sale had been had, upon the failure of the purchaser to pay the percentage demanded, that the premises would have brought as much as upon the first sale, or sufficient to have satisfied the demand of the plaintiff.  In a case like this, in order to discharge a person as a surety, it should

be established that some injury was done to the defendant by the acts complained of, and that his. rights as surety were compromised or affected.

Third. There is no proof of fraud in the proceedings on the part of the plaintiff, and they appear to have been conducted with a view of making the property produce the largest amount. In fact, it is shown that the waiver of the payment of the deposit and the adjournments were had at the request of the defendant's son, who claimed to act for her, and was himself a defendant. Nor was any request made by the defendant to the plaintiff to compel the bidder to fulfill the terms, or to institute any proceedings against him personally to enforce the conditions of the sale without delay. Ordinarily, to discharge a surety by reason of. a neglect to proceed against a solvent principal, on request, it must be shown that the creditor was requested to enforce the collection of the debt " by due process of law." Nothing short of that will exonerate the surety. (*Singer* v. *Troutman*, 49 Barb., 182; see, also, *Fulton* v. *Matthews*, 15 J. R., 433.) We do not discover any reason why the same principle should not apply to the defendant in the case at bar.

Aside from the considerations suggested, there is another reason for sustaining the order. A purchaser at a foreclosure sale may be compelled to complete his purchase, or may be discharged and a re-sale ordered. (*Requa* v. *Rea*, 2 Pa., 339; *Miller* v. *Collyer*, 36 Barb., 250.) The plaintiff had an election either to proceed against the purchaser for a contempt, or to apply for a re-sale; and the omission to take the former course did not discharge the surety. As the court granted a re-sale, the purchaser was discharged from liability to make good the deficiency arising in the last sale, by the order of the court. This order is conclusive, and relieved the plaintiff from any obligation to institute proceedings to recover the deficiency of the purchaser.

The order must, for the reasons stated, be affirmed.

All concur.

Order affirmed.