John I. Macklin (Roe & Macklin, attorneys), for the referee, opposed.
I. If a notice by the referee to the purchaser to complete was necessary in order to put the purchaser in default, it was expressly waived by the purchaser agreeing that the referee was not required to send any notice to him. It was made optional with the referee whether the time of completion should be extended and whether terms in the shape of interest on the whole purchase should be imposed, as a condition for granting the application. Affirmative action on the part of the purchaser seeking an extension was necessary before this provision would become operative.
*94 II. It is not claimed that any request for delay was made or any subsequent tender of performance ; consequently the penalty agreed upon by the terms of sale 'because operative—viz: a resale and liability for deficiency if any. A deficiency arising on the resale, the amount thereof became liquidated damages which the purchaser thereupon became bound to pay (Ruhe v. Law, 8 Hun, 251).
III. If the case is controlled by equitable principles, the only answer the case admits of, is this : the parties in interest having been damnified by the failure of the purchaser to carry out his contract to a sum exceeding the ten percent, paid, it is but just and equitable that the money be applied as far as it will go in liquidation of the loss sustained.
TV. In another view, under all the circumstances, time was material and was the essence of the contract (Lawrence v. Miller, 86 N. Y. 131). The purchaser, even if the premises had not been re-sold, could not compel specific performance (Hoan v. Parr, 13 Hun, 95).
Even if he could show that he was ever ready and willing to complete (which he does not pretend), after this lapse of time,—two and a half years from first sale to one purchaser, and two years from sale to the other,—specific performance would be denied, nor could he recover back the money he has paid (Lawrence v. Miller, 86 N. Y. 131), even where it does not appear that the seller was injured by non-compliance, to the amount of the payment.
V. The position of the purchaser is substantially as if he had brought an action to recover back the money. If he must necessarily fail if he had brought such an action, he must fail in this proceeding. If the vendor brings an action to recover damages for nonperformance, the court will apply in reduction of *95 damages the amount paid on the contract (See Hennig v. Jennett, 4 Daly, 543). It, now having all the facts before it, and the parties in interest, should, to do exact justice, apply same rule.
Lawrence, J.
By the terms of sale the purchaser waived an application to the court for a resale, and he became liable for any deficiency which there might be between the sum for which the premises should be struck down upon the sale and that for which they might be purchased at the resale, and also for any costs or expenses occurring on such resale. By the third condition of the terms of sale, the purchaser also waived any notice from the referee. The third and the sixth conditions in the terms of sale are to be construed together, and I do not think that the only penalty which a purchaser who refuses to complete is to incur is the charging of interest upon the amount of his bid. He is charged with such interest if he eventually completes at a day later than that specified in the terms of sale. He is liable for the entire deficiency, in case he wholly fails to complete his purchase and a resale becomes necessary. Even if a notice of the resale should have been given to the purchaser, I think that the affidavits read upon the part of the referee establish that such notice was given. The case of the Home Ins. Co. v. Jones (45 How. Pr. 498), was a special term decision, and seems to me to be opposed to the case of Ruhe v. Law (8 Hun, 251), decided by the general term of this department. In the latter case, a purchaser who had paid the ten per cent, required by the terms of sale, objected to the title, and the terms of sale providing, as in this case, for a resale and for the purchaser’s liability in case of a deficiency, a resale was had at which a deficiency occurred, and the purchaser was charged with the deficiency and the taxes *96 which had ad interim, been imposed upon the property. The objections to the title were overruled, and the purchaser brought an action to recover the ten per cent, paid at the time of purchase. The defendants interposed a counter-claim, charging the plaintiff with such taxes. Judgment was rendered at special term in favor of the defendant for the counter-claim. On appeal, the general term said, speaking of the plaintiff: “ He complains that the sum . . . . paid for taxes, imposed subsequent to his refusal to complete, and before the second sale, is not within the letter or spirit of the contract, which threw upon him the ‘ difference and costs and expenses on the resale,’ but in this he is mistaken. The resale was not delayed, and the additional taxes were legitimately a part of the difference in the sum realized. The necessity of their payment was occasioned by his refusal to complete the sale. If he had taken the property, the defendant would not have been obliged to pay them under any circumstances.....We discover no reason why the judgment should be disturbed, and it must be affirmed, with costs.”
Applying the principles laid down in the case just cited, I reach the conclusion that the sum now in the referee’s hands should be appropriated to the payment of the deficiency which occurred upon the resale.