## ANTHON v. BACHELOR.

*(Supreme Court, Special Term, New York County.   March 13, 1889.)*

MORTGAGES—RESALE—DEFICIENCY—LIABILITY OF PURCHASER.
     Where the purchaser at a mortgage sale fails to complete his purchase, and the property is resold, he is not liable for any deficiency that may occur, unless an order of court is procured directing a resale at the purchaser's risk and on notice to him, though the terms of the first sale provided that the purchaser should be liable for any deficiency so occurring.

This was an action to foreclose a mortgage.   At the sale on March 20, 1888, one George F. Johnson bid in the premises at $45,000, in the name of Thomas P. Meyer, signed Meyer's name to the terms of sale, and paid $1,000 deposit, as required by the terms of sale.   The balance of the purchase money was payable on April 19th, but Johnson procured an adjournment to May 1st.   On that day he went before the referee who had made the sale, and, as the representative of Meyer, refused to complete the contract.   The referee reported this fact, and that he was informed and believe Meyer to be an irresponsible person.   A resale was thereupon ordered, and one Louis J. Phillips became

the purchaser for $41,025. Phillips, by an indorsement on the terms of sale, for a consideration of one dollar assigned his bid to George F. Johnson, who paid the purchase money, and received a referee's deed of the premises. By the terms of the first sale it was provided that, should the purchaser fail to comply with the terms of sale, he should be liable for any deficiency that might occur on a resale, and for the costs and expenses thereby incurred. This is a motion for an order directing Johnson to pay into court the sum of $2,435.70, being the difference between the two bids and the costs and expenses.

*E. H. Moeran,* for the motion.    *Graff & Blauvelt,* (*N. B. Hoxie,* of counsel,) *contra.*

O'BRIEN, J. Apart from the question as to whether Johnson was or was not the real purchaser, the motion to compel him to pay the difference between the price realized on the second sale and that bid on the first, must, upon the law, be denied. As stated in *Goodwin* v. *Simonson,* 74 N. Y. 136: "A purchaser at a foreclosure sale may be compelled to complete his purchase, or may be discharged and a resale ordered. The plaintiff had an election either to proceed against the purchaser for a contempt, or to apply for a resale." As the court granted a resale, the purchaser was discharged from liability to make good the deficiency arising in the last sale by the order of the court. In a case where the application to the court for an order directing a resale on the purchaser's account and risk is made upon notice to the purchaser, the rule would be otherwise. If plaintiff, therefore, resells without such an order made after notice to the purchaser, he is deemed to elect to waive the first sale, and to take the risk of obtaining a better price. *Riggs* v. *Pursell,* 74 N. Y. 370; *Miller* v. *Collyer,* 36 Barb. 250; *Insurance Co.* v. *Jones,* 45 How. Pr. 498. See, also, "Defaulting Purchaser," 27 Alb. Law J. 508. In this case an application was made without notice to the purchaser, and an order directing a resale was entered, which, under the authorities cited, discharged the purchaser, except to the extent of his deposit, which was forfeited, from further liability. Motion denied. No costs.