(28 Misc. Rep. 664.)

### RAY v. ADAMS et al.

(Supreme Court, Special Term, New York County.  August, 1899.)

JUDICIAL SALE—RIGHT OF PURCHASER TO BE RELIEVED FROM PURCHASE—RESALE.

Where a purchaser at a judicial sale of property which was sold free and clear of incumbrance, on discovering that it is incumbered by certain covenants running with the land, and restricting its use, refuses to complete the purchase, and the referee resells subject to such covenants, he will be held to have waived the first sale, and the first purchaser is entitled to be relieved from his purchase.

Action by Annie B. Ray against Frank H. Adams and others. Application by Henry Waters to be relieved from a purchase of property at judicial sale.    Motion granted.

Gerrit Smith, for plaintiff.
Robert Godson, for petitioner.
Masten & Nichols, for second mortgagees.

McADAM, J.    The property was bid in by the petitioner, Henry Waters, at the public auction under the decree herein.    It was sold free and clear of incumbrances.    After examining the title, it was found that the property was incumbered by certain covenants running with the land, that restricted its use.    Kountze v. Helmuth, 67 Hun, 347, 22 N. Y. Supp. 204; Wetmore v. Bruce, 118 N. Y. 319, 23 N. E. 303.    Waters finally refused to take title, and the property was read-

vertised, and sold to a new purchaser, "subject" to the restrictions, —particularly enumerating them,—for $825 less than Waters had agreed to pay. Waters now moves to be relieved from his purchase, and for the return of the 10 per cent. paid by him to the referee, "the exchange," and auctioneer's fees, and to be reimbursed the expense of examining title. There is a question whether Waters did not waive the objection as to title by agreeing to close title notwithstanding the covenant aforesaid, but that feature of the transaction becomes immaterial, because the property was not resold on the terms under which he had purchased it. Reselling "subject to the incumbrance" naturally resulted in bringing a price lower than Waters had agreed to pay, and such reduced price does not, therefore, establish any legal measure of damages against him, nor make him liable for the difference. Riggs v. Pursell, 74 N. Y. 371. If the referee had elected to hold Waters to his purchase, by proceeding to compel him to take title, the question of waiver of the covenant might be material. Instead of doing this, the referee elected to resell without any notice to Mr. Waters, and, having sold upon new terms and conditions, he must be held to have elected to waive the first sale, and to have taken the risk of obtaining as good or a better price on the second. See Anthon v. Batchelor (Sup.) 5 N. Y. Supp. 798. At all events, if the purpose of the second sale was to charge Waters with any deficiency, the referee ought to have resold the same interest Waters had purchased, and not one incumbered in the manner stated.

Under the circumstances, the application by the purchaser to be relieved will be granted, to the extent of requiring a return of the 10 per cent., together with the exchange and auctioneer's fees. As to the charge for examining title, this will be disallowed, under the circumstances disclosed in the moving papers. Ordered accordingly.