Rumsey, J.:
A judgment of foreclosure and sale was entered in this action and the premises were advertised for sale on the 26th day of April, 1899, and were bid off by Henry Waters, the respondent here, who, at the time, paid to the referee ten per cent of the purchase' money and certain fees, amounting in all to $1,819.50, the purchase price of the premises being $18,025. When the time came for closing the sale, he refused to take the title, having discovered, as he says, that the premises were subject to the covenant against nuisances,, as it was called, of which he was ignorant at the time, of the sale. Thereupon, the referee, assuming to exercise his option to have a resale, put up the property again for sale, subject to the restrictive covenant, and upon the resale it brought $17,200 only, being $825 less than the price bid by Mr. Waters. The referee. proposed to retain that sum from Waters’ deposit at the time of his bid, insisting that he was liable for the deficiency upon the resale, and this motion was made by the purchaser to be relieved from his purchase, and to *175 ¡require the referee to pay over to him the whole amount of his ten per cent deposit, with certain other payments which he had made. Upon the hearing at the Special Term the learned justice made an ■order relieving the purchaser from his purchase, and requiring the referee to repay to him the sum of $1,819.50 paid by him at the time that he bid off the premises. From this order some of the defendants, who are subsequent mortgagees, take this appeal.
It is insisted in the first place that the purchaser had waived the right to object to this covenant against nuisances. Whether he had or not was a question of fact presented to the court at Special Term upon the affidavits, and we see no reason why we should interfere with his conclusion that no such waiver was had. At the time of -the first sale, when the property was bid off by Waters, no reference was made, either in the advertisement or in the terms of sale, to the ■existence of the covenant complained of. That covenant was, substantially, that the owner of the premises would not erect or carry <on, or permit or suffer tó be made, erected or carried on, upon the premises or any part thereof, any livery stable, shanty, slaughter house, tallow chandler, bone boiling, smith shop, forge, furnace, brass foundry, nail or other iron foundry, nor any manufactory for -the making of glue, gas, varnish, vitriol, ink or turpentine, or for the •tanning, dressing, repairing or keeping of skins, hides or leather, or •for the storage of fat or petroleum, or any distillery or brewery. That these restrictions constituted an incumbrance upon the premises cannot be denied. (Wetmore v. Bruce, 118 N. Y. 319; Forster v. Scott, 136 id. 582; Kountze v. Helmuth, 67 Hun, 346; 140 N. Y. 432.) The purchaser who had bought without knowledge of these restrictive covenants was entitled, upon a discovery of their existence, to refuse to carry his contract into effect, if it can be said -that the covenants were an injury to the land.
In the case of Riggs v. Pursell (66 N. Y. 193) the purchaser of -premises subject to such restrictions sought to be relieved from his •purchase. His motion to be relieved was denied solely upon the ground that there was no proof or even allegation that the restrictions diminished the value of the premises to any extent whatever. (Riggs v. Pursell, 74 N. Y. 370, 375.) He was, therefore, required to complete his purchase, which he refused to do. A resale -of the premises was then had, subject to the restriction, and the *176 amount bid upon that was considerably less than at the former sale. Thereupon the first purchasers made a new motion for an order restraining the plaintiffs from enforcing against them the-former order requiring them to complete the sale or pay the deficiency, or from talcing any action under such former orders. Upon the second motion it appeared that the restrictive covenants did in fact diminish the value of the land, and thereupon the Court of Appeals held that, because of that fact, it was not proper to require the first purchasers to complete their purchase or pay the deficiency,- and made an order permanently restraining the plaintiffs from enforcing the first order. (Riggs v. Pursell, 74 N. Y. 370.)
There is evidence in this case from which the court might properly have found that the existence of the restrictive covenants did in fact diminish the value of the premises. It appears that the premises were sold at public sale, without notice of the incumbrance, for $18,025. Upon the second sale, which was made expressly with notice of the restrictive covenants, the price brought was $825 less. From this fact alone the court at Special Term might properly have inferred that the incumbrance decreased to the value of the property. Therefore, it would have been justified in saying that Waters, who bought the property without notice of the incumbrance, paid more for it than he would have paid had he had notice of the incumbrance, and for that reason it was proper to say that he need not perform his contract. The steps required by the contract to ascertain the deficiency for which Waters should be liable, if he was liable at all, were not taken, and for that reason also the referee had no right to retain anything out of the deposit to apply upon the difference between the bid at the first sale and at the second. By the terms of the first sale if the purchaser thereat failed to comply with the conditions of sale, one of which required him to carry the sale into effect within a certain time, the referee was at liberty to put up the property again for sale under the same terms of sale, the .purchaser agreeing to be liable for any deficiency there might be between the sum for which the premises were struck down upon the sale, and that for wliich they might be purchased upon the second sale. Before the purchaser could be bound by that agreement it was necessary that the premises should be put up for sale upon the same terms, but that provision of - the *177 agreement was not complied with. The property was not put up for sale upon the same terms, but upon the second sale it was sold expressly subject, to a covenant and restriction against nuisances¡ The price brought, therefore, at the second sale made subject to this covenant, did not afford any foundation for an estimate of the amount of deficiency for which Waters agreed to be liable, because he only agreed that he would be liable for such deficiency as might result from a sale upon the same terms. When, therefore, the referee, instead of selling the property upon the same terms, or of moving to require Waters to complete his purchase, as he might have done, saw fit to put up the property upon different terms, the necessary result was to abandon the sale made to Waters. Aftefl the new sale Waters had the right to have returned to him the deposit which he had made after his bid, because he was able to say that the terms of the contract by which the parties had agreed to take certain steps to fix the amount of deficiency for which he had become liable, could not be performed, and that being so, he could not be made liable for a- deficiency under his contract. When the new sale was made by the referee, without seeking to take steps to' charge Waters upon his former bid, he necessarily abandoned the bid which Waters had made, and the contract made upon that bid was at an end. (Anthon v. Batchelor, 22 Abb. N. C. 423.) For that reason also the order made at the Special Term was correct.
The order must, therefore, be affirmed, with ten dollars costs, and disbursements,
Yan Brunt, P. J., Barrett, Ingraham and McLaughlin, J<L, concurred.
Order affirmed, with ten dollars costs and disbursements.