(31 Misc. Rep. 129.)

## LESLIE v. SARATOGA BREWING CO.

(Supreme Court, Special Term, Saratoga County.   April, 1900.)

1. JUDICIAL SALES—FAILURE TO COMPLETE—BIDDER'S LIABILITY.

Where an attorney bid in property at a foreclosure sale at the direction of D. for J., who had not authorized either of them to make the bid for him, the attorney was not liable for the difference between his bid and the price obtained at a subsequent sale.

2. SAME—CORPORATIONS—DIRECTOR'S LIABILITY.

Where a director of a corporation bid in its property at foreclosure sale in the name of his brother without authority, believing he would furnish the money to purchase the same, and, on his being unable to complete the sale, the property was again sold for less than the amount of the director's bid, such director was liable to the corporation's creditors for the difference between his bid and the amount received on resale, though the referee selling the property, knowing that the director had acquired no increased financial ability, refused to accept his bid on the second sale.

Action by Mrs. Frank Leslie against the Saratoga Brewing Company. Motion by judgment creditors to compel John E. MacLean and others to pay the difference between their bid for certain property sold under foreclosure of a mortgage of the company's property and the amount received at a second sale thereof, on such prior purchasers being unable to complete the former sale.   Motion granted as to defendant Daniel Gaffey; denied as to the other defendants.

J. N. Fiero, for the motion.

John T. Norton, opposed.

HOUGHTON, J.   Motion by certain judgment creditors entitled to surplus to compel John E. MacLean, John Gaffey, and Daniel Gaffey to pay the difference between a bid made by them upon premises sold under foreclosure in the above-entitled action and the amount which the premises brought upon a resale.   John E. MacLean, by the direction of Daniel Gaffey, bid $21,600 for said premises, and announced that his bid was made for John Gaffey, who was not present.   Neither MacLean nor Daniel Gaffey, who directed the bidding, were able to pay the 10 per cent. required by the terms of sale to be paid, and the premises were again immediately put up for sale and sold for $2,900 less than the original bid.   The proof before me shows that John E. MacLean acted simply as attorney, at the direction of Daniel Gaffey, in making his bid, and that John Gaffey did not authorize Daniel Gaffey or said MacLean to make any bid in his behalf.   It therefore stands that Daniel Gaffey made the bid of $21,600; for if MacLean acted by his direction for another, without authority, Daniel Gaffey became the man responsible.   MacLean should be excused, and there is no basis for holding John Gaffey to the bid.

The question is whether the court should compel Daniel Gaffey to pay the difference between the first bid and what the property sold for.   There is no question in regard to the principle that when a man bids at a judicial sale he submits himself to the jurisdiction of the court, and can be compelled to complete his purchase or pay the resultant loss.   This has been the practice of the court, and has long been understood to be the rule, and is distinctly held in Chase v. Chase, 15

Abb. N. C. 91, and Ruhe v. Law, 8 Hun, 251. Indeed, this proposition is not disputed; but it is claimed that the circumstances of this case are such that Daniel Gaffey should not be charged with the difference. I do not think the proof submitted to me excuses Daniel Gaffey. The defendant corporation was insolvent, and he cannot be relieved from personal liability by the fact that the directors of the insolvent corporation formulated a plan whereby he was to attempt to save the property for the corporation. If the board of directors desired to act in any such manner, and bid in the property, they acted as individuals, and became personally responsible.

The fact that the plaintiff, upon the second sale, realized all that was due her upon her mortgage, does not prevent the judgment creditors, who would be benefited by the surplus, from making this motion. They are parties to the action. They are interested in the property bringing a sufficient amount not only to pay the plaintiff, but to pay themselves. The plaintiff has no further interest, because she has been paid; but any other party to the action who is interested, it seems to me, has the right to institute these proceedings. That Daniel Gaffey supposed that John Gaffey would carry out his bid, and would furnish the money for his scheme, does not relieve him; nor, I think, does the fact that the referee refused to accept his bid upon the resale. Within the previous half hour Daniel Gaffey had confessed his inability to pay the 10 per cent. and his inability to carry out the purchase of the property. To the knowledge of the referee, he had acquired no additional ability within the time, and it would have been a mere farce to have struck the property off to him again, and gone through the same formality of demanding the 10 per cent., and learning of the inability of Daniel Gaffey to pay.

I think the motion as to Daniel Gaffey must be granted, with costs; as to John E. MacLean and John Gaffey, the motion is denied, without costs. Let an order be entered accordingly. Ordered accordingly.