## In re HUGUENOT PUB. CO., Inc.

### TAYLOR v. FOLSOM.

### No. 342.

Circuit Court of Appeals, Second Circuit.

April 13, 1936.

Alexander & Schwach, of New York City (Jacob J. Alexander, of New York City, of counsel), for respondent-appellant.

Samuel J. Siegel, of New York City, for petitioner-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Folsom, a purchaser at a sale of the bankrupt estate of Huguenot Publishing Company, Inc., appeals from an order of the District Court directing him to pay $10,231.06 to the trustee in order to make good the loss to the estate because he had failed to take title and the property had been sold subsequently at a lower price.

Some time after the adjudication in bankruptcy, the referee ordered a sale at auction of chattels of the estate and appointed an auctioneer. The assets had been appraised at $3,544.10. On March 19, 1935, a public sale at auction was had pursuant to the above authorization, and Folsom bid in the assets for the sum of $15,000, made a deposit with the auctioneer of the sum of $500, and signed a contract with the trustee agreeing to pay the balance of $14,500 on or before April 5, 1935. He failed to make the payment, and on April 15, 1935, was notified in writing

by the attorney for the trustee that the latter would hold him liable for all damage sustained by reason of his failure to comply with the terms of the contract of purchase. After the default of the purchaser, the sale was readvertised as upon the original order of sale and a ten days' notice sent to the creditors. Notice was given at the auction that it was being held to resell the assets for the account of Folsom and that he would be held for any deficiency which might result, but no order confirming the first sale or order-ing a second was obtained. On the resale the assets brought a net amount of $4,268.94, and the trustee, though having obtained no order confirming the original sale or directing a new sale for the account of the original purchase, sought to treat the notice of his attorney as the equivalent of such an order and thereafter obtained the order now appealed from which adjudged Folsom liable for the difference, and ordered him to pay it.

When a purchaser at a judicial sale has defaulted, the vendor may either obtain an order confirming the sale and directing the purchaser to complete, or, if he prefers, may obtain an order directing a resale at the purchaser's risk and requiring the purchaser to make good any loss due to receipt of a lower price on the second sale. Here there was neither an order directing the purchaser to make good his bid nor notifying him that the sale would be for his account and that he would be held liable for the balance. In other words, he was never directed to do anything, but a second sale was held without any order of the court. The proper practice is indicated in Camden v. Mayhew, 129 U.S. 73, 9 S.Ct. 246, 32 L.Ed. 608; Harding v. Harding, 4 Myl.&C. 514; Saunders v. Gray, 4 Myl.&C. 515; Tanner v. Radford, 4 Myl.&C. 519; Brasher v. Cortlandt, 2 Johns.Ch.(N.Y.) 505; Anthon v. Bachelor (Sup.) 5 N.Y.S. 798.

At the time the order appealed from, which directed Folsom to complete his purchase, was made, there had already been a sale of the property to another purchaser, and the procedure necessary to subject Folsom to an order to pay the loss arising from the receipt by the trustee of a lower price was not followed. At the time the deficiency was fixed, the purchaser had never been ordered to do anything.

A mere notice by the trustee's attorney directing him to complete his purchase and informing him that the property would be offered for sale at his risk, if he did not complete his purchase, was insufficient to justify the order of the court below. His bid unaccompanied by a further order had only the effect of a bid unaccepted by the court. In re Klein's Rapid Shoe Repair Co., Inc. (C.C.A.) 54 F.(2d) 495; In re Realty Foundation, Inc. (C.C.A.) 75 F.(2d) 286.

The order is reversed, with directions to dismiss the petition of the trustee.