[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO COMPEL, STRICT FORECLOSURE OBJECTION
On May 13, 1991, a judgment of foreclosure by sale was entered on a debt totaling $112,233.52. A deposit of $15,000.00 was ordered but waived if the plaintiff, Glenfed Mortgage Corp. or the defendant House Hold Realty Corp. was the successful bidder.
On June 29, 1991, the scheduled sale of the property was held by the committee. The defendant House Hold Realty Corp. was the successful bidder with a bid of $125,000.00 and immediately upon the conclusion of the bidding a bond for deed was executed. On August 5, 1991 the court approved the committee sale and deed, accepted the committee report and allowed the requested fees for the committee and appraiser totaling $2,509.90. The bond for deed provides that "the said "Buyer" both hereby promise and agree to and with the said "Seller" that he will, . . . pay to the said "Seller" the further sum of one hundred twenty-five thousand dollars ($125,000.00) . . . being the balance of the purchase money hereby agreed upon for said tract or parcel of land in monies and fines as follows VIZ:
1. By certified check on the date of transfer and closing." CT Page 9095
There is now before the court motions to compel posting of deposit and forfeiture of deposit, a motion for conversion of judgment to judgment of strict foreclosure and an objection to motion to compel posting of deposit. These motions are predicated on the refusal of the successful bidder to close on the property.
As stated in Marino's Savings Bank v. Duca, 98 Conn. 147, at 155:
 Proceeding to a consideration of the remedies against a purchaser who has defaulted upon a judicial sale, it appears that the procedure has been well settled. Upon proper application the court may discharge the sale and order a resale; may confirm the sale, order the purchaser to complete payment, and hold him in contempt for noncompliance with the order; may confirm the sale and order a resale for the account of the purchaser, charging him with any deficiency arising out of the resale, and incidentally order the application of money paid as a deposit to be applied on account of such deficiency. 3 Jones on Mortgages, 1642; 1 Wiltsie on Mortgage Foreclosure (3d Ed.) 664-666; 2 Daniell's Chancery Pleading Practice (6th Amer. Ed.) s. pp. 1281, 1282; 16 R.C.L., Judicial Sales, 126, pp. 173, 174; Mount v. Brown, 33 Miss. 566, S.C. 69 Amer. Dec. 369, with extensive note of cases; Camden v. Mayhew, 129 U.S. 73, 9 Sup. Ct. 246; Goodwin v. Simonson, 74 N.Y. 133.
In this case, the court has no power to convert a foreclosure by sale which has been judicially approved to a strict foreclosure. It does, however, have the authority to order that a deposit be posted. See, Caron, Foreclosures 7.02B. Accordingly, it is the order of the court that House Hold Realty Corp. post a $15,000.00 deposit with the committee, Arthur J. Peitler, Esq. by certified check within ten days and further that said committee schedule a closing within ten days of the deposit. If House Hold shall fail to make the required deposit, the committee is directed to file an appropriate motion for contempt and request further advice from the court regarding a new sale, forfeiture of the rights of House Hold under the bond for deed. In addition the plaintiff may renew a motion for strict foreclosure. The objection to posting a deposit is overruled.
In the event House Hold posts the deposit but refuses to close, the Committee is directed to file a request with the court to forfeit the deposit.
PICKETT, JUDGE